# Congressional Request For Appointment Calendars of a Former GSA Official

Under General Services Administration records retention regulations, the appointment calendars of current and former GSA officials are personal records and personal property, rather than official records and government property. Accordingly, under the facts presented, the GSA should return a former GSA official's calendars to him. The former official, not the GSA, is responsible for responding to a congressional committee's request for the calendars.

February 15, 1990

MEMORANDUM OPINION FOR THE GENERAL COUNSEL
GENERAL SERVICES ADMINISTRATION

You have asked for our opinion as to whether, for purposes of an oversight request received from the Senate Committee on Governmental Affairs ("the Committee"), the appointment calendars of a former official of the General Services Administration ("GSA") are government property or the official's personal property. As discussed below, we have concluded that in these circumstances the calendars are the official's personal property and should be returned to the official.[1]

## I. Statement of Facts

On September 15, 1989, GSA accepted the resignation of a high-level official ("the former official").[2] The former official promptly began his departure activities, including consideration of the disposition of his files, records and other papers. At his request, his secretary, who had maintained his appointment calendars for him at her desk, delivered them to him so that he could take them with him.

Subsequently, by letter dated September 26, 1989, the Committee requested that GSA provide the Committee with certain specified information and documents, including the former official's appointment calendars. An agency official then asked the former official for the calendars so that GSA could produce them to the Committee. The former official complied with the

---

[1] In light of this conclusion, it is not necessary for us to address the question you raised as to the potential personal liability of agency officials who participate in a decision to produce the calendars to the Committee.

[2] This statement of facts is based on the information presented to this Office in your letter of October 24, 1989 and orally by your staff.

request and supplied the calendars to the GSA official. Before GSA had produced the calendars to the Committee, however, the former official, by means of an October 12, 1989 letter from his attorney, requested that the calendars be returned to him. In the letter he also objected to GSA producing the calendars to the Committee, on the grounds that the calendars were his personal property and disclosure to Congress in these circumstances would violate his rights.

After receiving the former official's letter, GSA advised the Committee that it was withholding the calendars pending review by GSA and this Office of the former official's position.

## II. Discussion

The question presented is whether the former official's appointment calendars should be treated as government property or personal property for purposes of the Committee's oversight request. More specifically, the question is whether on September 26, 1989 -- the date the Committee requested the calendars -- they were government property (with respect to which GSA was responsible for responding to the Committee) or the former official's personal property (with respect to which the former official was responsible for responding to the Committee).

Under GSA's records retention regulations, only "official records" (as defined in the regulations) are government property: "All Federal employees must understand that official records belong to the Government, not to any individual . . . ." GSA Order entitled "GSA Records Maintenance and Disposition System," Order OADP1820.2CHGE76, ch. 2, § 1 (Aug. 12, 1985). The section of the regulations entitled "Distinction between official and personal records" makes it clear that appointment calendars are personal records rather than official records:

> Personal calendars, appointment books, schedules, and diaries showing meetings, appointments, trips, and other activities of a high-level official solely for the convenience of the high-level official in managing his or her time are personal records. Documents such as these may be disposed of at the discretion of the official.

*Id.*, ch. 2, § 4(b)(3).

Thus, the appointment calendars of high-level GSA officials are not government property. Rather, they are "personal records . . . [that] may be disposed of at the discretion of the official." *Id.* In our view, the actions the former official took, prior to the Committee's request, to dispose of the calendars by taking them with him when he departed the agency clearly

35

constituted the exercise of the official's right under the GSA regulations to treat the calendars as personal property and dispose of them as he wishes.

We therefore conclude that at the time the Committee requested the calendars they were the personal property of the former official and not government property. Accordingly, in these circumstances the former official and not GSA is responsible for responding to the Committee's request for the calendars. They should be returned to the former official.[3]

LYNDA GUILD SIMPSON
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[3] These conclusions are unaffected by the fact that after the Committee's request was received the former official supplied the calendars to the agency for production to the Committee. The calendars were his personal property at the time of the request, and any apparent consent to permit GSA to produce the calendars to the Committee was clearly retracted by the October 12, 1989 letter from the official's attorney.